**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. CR-07-001(CKK) |
| | * | |
| **STEVEN MERKES** | * | |
| | * | |
| | **** | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure, the Defendant, Steven Merkes ("Mr. Merkes" or "the Defendant"), by and through counsel, submits the following Position With Respect to Sentencing Factors.

On February 16, 2007, Mr. Merkes pleaded guilty before this Court to a single count Indictment charging him Receiving Illegal Gratuities, in violation of 18 U.S.C. § 201(c)(1)(B). He has no factual objections to the Presentence Report ("PSR"). He agrees with the Probation Officer's calculation of the Total Offense Level of 13, Criminal History Category I, which results in an advisory Guidelines sentencing range of 12-18 months.

Mr. Merkes respectfully submits that a sentence of probation is "sufficient, but not greater than necessary" to comply with the factors set out in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 766-67 (2005). Moreover, in this case, Mr. Merkes' violation is further mitigated because he acted clearly in aberration of his lifelong conduct and as a result of his desire to obtain a better paying job and a better standard of living for him and his family. Under all the circumstances, a sentence other than imprisonment would provide just punishment, adequate deterrence, protect the public and provide rehabilitation.

**SENTENCING AFTER BOOKER**

On January 12, when the Supreme Court handed down <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Federal Sentencing Guidelines ceased to be mandatory, becoming one of several factors to be considered under 18 U.S.C. § 3553(a); <u>see</u> <u>United States v. Hughes</u>, 396 F.3d 374, 378-79 (4th Cir. 2005) ("[A] district court shall first calculate . . . the range prescribed by the guidelines.  Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence.").  Under § 3553(a), courts must consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the Guideline range; (d) the need to avoid unwanted sentencing disparities; (e) the need for restitution; (f) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with reasonable rehabilitative opportunities.  <u>See</u> <u>also</u> <u>United States v. Biheiri</u>, 356 F. Supp. 2d 589, 593-594 (E.D. Va. 2005) (Ellis, J.).

**I.     Mr. Merkes' History and Characteristics and the Nature and Circumstances of the Offense Warrant a Sentence Other than Incarceration**

> **A.     Mr. Merkes Is a Law-Abiding Man with No Prior Involvement with the Criminal Justice System whose family and friends continue to support him through this ordeal.**

Mr. Merkes is a forty-nine year old American citizen.  He graduated from high school and enlisted in the United States Air Force the following year. As the "PSR" indicates, Mr. Merkes has had a distinguished military career. He was honorably discharged and has received at least eighteen military awards. His employment history reflects that he held responsible positions in and out of the military.  PSR at ¶¶ 45-50.

Counsel has conferred with several individuals who have known Mr. Merkes for several years in a professional and social capacity who have described him as being law abiding in every respect and who could not believe the circumstances that bring him before this Court.

Mr. Merkes currently resides in the Las Vegas metropolitan area and he has tried to remain employed since his return to this country in July, 2006. As a result of his involvement in this case, he has had to take jobs that pay substantially less than what he was making while employed at the Department of Defense and he has exhausted all of his savings. It has had a tremendous impact on him and his family.

Mr. Merkes stands convicted of 18 U.S.C. § 201(c)(1)(B). It is clear from the facts in this case that the acceptance of the $24,000.00 was clearly out of character for Mr. Merkes and was the result of his belief that he was going to get a job working for Mr. Bloom. The official acts that he performed were minimal and Mr. Bloom never got the contracts. It was an isolated exercise of bad judgment on the part of Mr. Merkes and he has suffered greatly as a result of it. An unblemished record of military and government service has been tarnished. He resigned from his position rather than cause any further embarrassment to himself or his colleagues. This may not be the crime of the century but it has had that type of impact on Mr. Merkes and his wife and his children. Counsel has rarely had a client that was so remorseful and ashamed of his actions.

## II.     The Purposes of Sentencing Set out in 18 U.S.C. § 3553(a)(2)

The Court must consider the factors set out in § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to comply with four stated purposes of sentence – just punishment, deterrence, protection of the public, and the rehabilitative needs of the defendant. In

this case, given circumstances surrounding Mr. Merkes' case, a sentence that does not include incarceration will meet these requirements.

**III.     The Kinds of Sentences Available**

Section 201, which carries a statutory maximum term two years imprisonment is a Class E felony and includes no mandatory term of imprisonment. See 18 U.S.C. § 3559(a)(3).  This Court is therefore free to impose a sentence of probation or one that does not include incarceration. See 18 U.S.C. § 3561 (prohibiting probation only if the offense is a Class A or Class B felony or other limited circumstances not present in this case).

Moreover, the limitations imposed by the Zones in U.S.S.G. § 5C1.1 no longer limit the Court's discretion to substitute a longer period of home detention or community confinement for incarceration or to sentence a defendant to a split sentence or straight probation when, as here, the circumstances warrant it.

## CONCLUSION

For all the reasons stated, this Honorable Court should depart down from the guideline range in consideration of the unique and atypical circumstances of this case and Mr. Merkes' otherwise exemplary life.  What has occurred to Mr. Merkes is truly a nightmarish situation.  From a life of impeccable compliance with the law and extraordinary efforts to improve his lot, he finds himself on the precipice of jail, a convicted felon, deprived of his right to vote or fully participate in the civil rights of his country.

A sentence of probation, even one where the Court were to impose strict conditions is sufficient, but not greater than necessary to provide just punishment, protect the public, provide deterrence and provide rehabilitation to Mr. Merkes as required by 18 U.S.C. § 3553(a).  Most importantly, it is a just sentence in the best tradition of the federal courts and accounts for the unique failings of human beings that, in the words of Justice Kennedy in Koon v United States, "sometimes

mitigate, sometimes magnify, the crime and the punishment to ensue."

               Respectfully submitted,

               _____
               Thomas Abbenante, Esquire
               1919 Pennsylvania Avenue, NW
               Washington, DC 20006
               (202) 223-6539