```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
          v.                   )   Criminal No.  CR-07-001 (CKK)
                               )
STEVEN MERKES,                 )   Count One: 18 U.S.C. § 201(c)
                               )              (Illegal Gratuity)
          Defendant.           )
_____)
```

## MOTION TO ALLOW LATE FILING

The United States of America, appearing by and through undersigned counsel, respectfully moves this Court to allow the government to file the attached Opposition to Defendant's Position With Respect to Sentencing Factors. As grounds for this motion, the government states as follows:

The defendant in this case pled guilty on February 16, 2007. The Court's February 20, 2007 Order directed the parties to file their Memoranda in Aid of sentencing by May 11, 2007, with the defendant to file any reply by May 18. The defendant filed his memo on May 16, 2007. Counsel for the government was out of the office on that day, as well as from May 21-24, for official travel, and has been unable to complete this opposition before today. Counsel for the defendant has also been consulted, and he

has no objection to this motion. The parties in this case agree as to the proper calculation of the defendant's range under the U.S. Sentencing Guidelines, and the only disputed issue is whether this Court should impose a non-Guidelines sentence.

As a result, the government respectfully requests that the Court grant this unopposed motion and accept for late filing the government's Opposition to the Defendant's Position With Respect to Sentencing Factors.

DATED: May 30, 2007, at Washington, DC.

        WILLIAM M. WELCH II
        Chief, Public Integrity Section

By: /s/ John P. Pearson
    JOHN P. PEARSON
    Trial Attorney
    U.S. Department of Justice
    Criminal Division
    Public Integrity Section
    1400 New York Ave., NW
    Washington, DC 20005
    (202) 514-1412
    John.Pearson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas Abbenante, Esq.

*s/ John P. Pearson*
JOHN P. PEARSON
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice

```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
          v.                   )    Criminal No.  CR-07-001 (CKK)
                               )
STEVEN MERKES,                 )    Count One: 18 U.S.C. § 201(c)
                               )               (Illegal Gratuity)
          Defendant.           )
_____)
```

## OPPOSITION TO DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

The United States of America, appearing by and through undersigned counsel, respectfully requests that this Court deny Defendant Steven Merkes's request for a sentence below the applicable range as calculated under the United States Sentencing Guidelines. Merkes engaged in criminal activity while occupying a sensitive federal position at the Department of Defense (DOD), using it to perform official acts to benefit a government contractor in exchange for an offer of employment and $24,000. Inasmuch as he is eligible to receive a two-level Guidelines reduction for acceptance of responsibility, which the Government does not oppose, the defendant does not qualify, and should not receive, any further downward departure or non-Guidelines

sentence.

**I.   Applicable Law**

As the defendant notes in his memorandum (Def. Mem. at 1), the U.S. Sentencing Guidelines were rendered advisory by the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245-46 (2005).  However, sentencing courts must still take account of the Guidelines.  Id. at 259.  Appellate courts now review sentences for reasonableness, and a sentencing court "acts unreasonably" if does not consider the Guidelines.  United States v. Bras, 483 F.3d 103, 106 (D.C. Cir. 2007).  Moreover, although a defendant may challenge the length of a sentence as unreasonable, "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness." Id. (quoting United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006) (internal quotations omitted)).

Once the defendant's Guideline range has been properly calculated, a sentencing court must then consult the factors listed in 18 U.S.C. § 3553(a).  Among these factors are the "nature and circumstance of the offense and the history and characteristics of the defendant"; the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to provide just punishment for the offense"; the "kinds of sentences available"; and the defendant's

Guidelines range.  Id.

## II. Analysis

In this case, a Guidelines sentence, which is presumptively reasonable under Booker, is an appropriate one.  As an initial matter, it is clear that the defendant is not asking for a departure under the Guidelines calculation, but rather is asking for a Booker "variance" or a non-Guidelines sentence.  The defendant asks this Court to "depart down from the guideline range," but his argument is couched in terms of the § 3553(a) factors.  Def. Mem. at 5.  He does not cite any Guidelines provision that would justify departure, nor may he, under the plea agreement.  As noted in that agreement, the parties "agree to recommend that no adjustment to the guideline level other than those discussed in this agreement is appropriate, **and the Defendant agrees to seek no downward departures.**"  Plea Agr., p. 4, para. 9 (emphasis added).

Nor does the defendant object to the Guideline range as calculated by the plea agreement or the Probation office.  That calculation provides a total offense level of 13, including two points for acceptance of responsibility, and places him in a range of 12-18 months.

Instead, the defendant argues that his conduct was "out of character" (Def. Mem. at 3) and that a sentence of probation would be sufficient to comply with the four purposes of

3

sentencing as stated in § 3553(a). However, the best gauges of the defendant's conduct are his own words and deeds, which are accessible to the Court in both the information and factual basis to which the defendant pleaded and admitted to, and in a series of email exchanges attached to this memorandum as Exhibit A. These emails are between the defendant and Phillip Bloom, a government contractor who has also pleaded guilty before this Court to a wide ranging criminal conspiracy involving bribery, money laundering, and fraud.

The Court should use these emails in its analysis of the § 3553(a) factors, particularly as they illuminate the nature and the circumstances of the offense, along with the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. § 3553(a)(2)(A). The defendant was the one who initiated contact with Bloom, mentioning that he was "bored to death with my GOV job." Ex. A at 5. The defendant was the one who, unbidden, sent Bloom "a small document for your eyes only." Id. at 4. When Bloom asked whether the contract officer, who would ultimately decide whether to award Bloom the contract, should be informed that Merkes was "on board" with Bloom, the defendant was the one who wrote, "I would suggest we do not tell [the contract officer], or any other KO [contract officer] at this time about me." Id. at 3-4. And it was the defendant who took official acts that benefitted Bloom, including reviewing his

4

bid proposal and agreeing to contact the contracting officer (see id. at 3) and recommend Bloom, in exchange for a job with Bloom's company and $24,000.

In considering the § 3553(a) factors, this Court should also look to the defendant's role in this activity. Defendant Merkes was a public official in a sensitive position. He served as a logistical planner with the U.S. Army Headquarters Special Operations Command, and his duties included planning and managing force exercises for conventional and special forces throughout Europe. He had access to and relationships with contract officers, and he was authorized to evaluate and recommend government contractors to those contract officers.

In sum, the defendant provided information to Phillip Bloom, and he reviewed Bloom's bid for a multi-million dollar government contract. He accepted a job offer, and $24,000 wired into his bank account, for his help in attempting to obtain the contact for Bloom. Moreover, the defendant was the one who initiated contact with Bloom, both in 2003 and in 2005. Id. at 6.

As the attached emails demonstrate, Bloom was intensely interested in winning as many contracts as possible, and he dangled money and a job in front of the defendant. Id. at 3-4. The defendant eagerly accepted, and he took illegal gratuities in

order to help Bloom win that contract.[1]  As a result, the sentencing factors in § 3553(a) militate in favor of a sentence of incarceration.

**III. Conclusion**

For all of the above reasons, the government respectfully requests that this Court deny the defendant's request for a non-Guidelines sentence.  The government asks this Court to sentence the defendant to a sentence of incarceration at the low end of the applicable Guidelines range.

DATED: May 30, 2007, at Washington, DC.

                        WILLIAM M. WELCH II
                        Chief, Public Integrity Section

By:  /s/ John P. Pearson
     JOHN P. PEARSON
     Trial Attorney
     U.S. Department of Justice
     Criminal Division
     Public Integrity Section
     1400 New York Ave., NW
     Washington, DC 20005
     (202) 514-1412
     John.Pearson@usdoj.gov

---

[1] Although the defendant also argues that a non-Guidelines sentence is appropriate because of his "otherwise exemplary life" (Def. Mem. at 5), his lack of criminal conduct on other occasions has been factored into his Guidelines calculation through his Criminal History Category of I.  Nor does it excuse his conduct in this case.

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Thomas Abbenante, Esq.

                                  *s/ John P. Pearson*
                                    JOHN P. PEARSON
                                    Trial Attorney
                                    Public Integrity Section
                                    Criminal Division
                                    U.S. Department of Justice

## Pearson, John

| | |
|---|---|
| From: | Martha.Schwing@dhs.gov |
| Sent: | Tuesday, February 14, 2006 2:16 PM |
| To: | Pearson, John |
| Cc: | Crowell, James |
| Subject: | Merkes account message/2005 job title w attached doc |
| Attachments: | 2005 merkes job.doc |

ok... understood.... no problem

----- Original Message -----
From: Selena Pirvulescu <mailto:selena.pirvulescu@bbp.ro>
To: Phil Bloom <mailto:phil.bloom@gbglogistics.com>
Sent: Wednesday, March 30, 2005 12:43 PM
Subject: Re: Steven Merkes
It is simplier for me if I can do it from GBG Logistics. I have to take cash out, put it in your account, etc and external transactions are made only by 11:00 daily. At least let me write an e-mail and ask him if it is ok. Contract will show long term intention and us being serious among other things, and I am sure he will understand.

Selena

----- Original Message -----
From: Phil Bloom <mailto:phil.bloom@gbglogistics.com>
To: selena.pirvulescu@bbp.ro <mailto:selena.pirvulescu@bbp.ro>
Sent: Wednesday, March 30, 2005 7:12 PM
Subject: Fw: Steven Merkes
Please wire tomorrow $24K to steve merkes account. send me the confirmation.. thanks
----- Original Message -----
From: Phil Bloom <mailto:phil.bloom@gbglogistics.com>
To: Steven Makus <mailto:funsimple@yahoo.com>
Sent: Wednesday, March 30, 2005 7:08 PM
Subject: Re: Steven Merkes
Dear Steve:
I am arriving Sunday morning in Frankfurt and will wait for Selena and Ken.. I want to see you since its been a long time.

In the meantime we will send $24K to the account info,. below.
Phil

----- Original Message -----
From: Steven Makus <mailto:funsimple@yahoo.com>
To: Phil Bloom <mailto:phil.bloom@gbglogistics.com>
Sent: Wednesday, March 30, 2005 5:38 PM
Subject: Re: Steven Merkes
Phil don't make a special trip, Save the flight time we can handle it and you are only a call away. We can talk when you come back, stay safe see you soon. Below is my

2/14/2006

Account Info.

Steven M. Merkes
Bank of America, Las Vegas Nv, 89193
Checking Acct# 973011802
Routing NO# 122400724
Tele # (702) 654-3555

*Phil Bloom* <

phil.bloom@gbglogistics.com> wrote: Steve: You are absolutely correct. Everyone here and there is trying to ween off KBR...Ambassador Jefferies and Browning are looking at GBG as an "alternative to KBR" and is trying to find a way to fund us under Logcap. Neal can rely on GBG... We are Romanian and we have the experience of doing LSA in Iraq and have experience at MK... We still have an office there. I might fly to Germany to meet you. Phil ----- Original Message ----- From: <mailto:phil.bloom@gbglogistics.com>Steven Makus <mailto:funsimple@yahoo.com>

**To:** Phil Bloom <mailto:phil.bloom@gbg.ro>
**Sent:** Wednesday, March 30, 2005 11:07 AM
**Subject:** Re: Steven Merkes
Phil I will change my School date until 18 April. The school is 14 days, and will benifit the cause for future missions. You can count on me to assist the process from submission until contract selection. The Army Engineers will determine what companies are acceptable to bid on the contract. From what I know Neal is starting to feel the timeline, and worry about being ready for the exercise. My purpose and task is to reassure him that GBG can do it, and convince him not to go the same old way as we always do using KBR. I have been telling him and the others we need to ween oursselves off of KBR and the assumption they are they only one who can do this work. I beleive all the KO's working any Eastern European exercises have been told to start thinking this way. I have Maj Coombs ear on this who is the overall boss for contracting, and who will now be the lead KO for the Eastern European countries. He will be setting up a Joint Contracting Office to over see all the operations in the AOR. This should happen sometime in Oct 05.

Phil I will be waiting for Selena call.

*Phil Bloom <phil.bloom@gbg.ro>* wrote:

Steve:
One other point... The tech proposal is due Monday morning... after that Neal and the KO's will determine who is qualified. this decision should take no more than three to four days. after they inform us of tech

2/14/2006

acceptance we have three days to come up with the "lowest bid" to take the contract.

We need your help during those two critical periods. Can you postpone WP until this is resolved? I would like to know you are in the "shaddows" This would give me a great comfort level.

Phil

>    ----- Original Message -----
>    From: Steven Makus <mailto:funsimple@yahoo.com>
>    To: Phil Bloom <mailto:phil.bloom@gbg.ro>
>    Sent: Tuesday, March 29, 2005 11:55 PM
>    Subject: Re: Steven Merkes
>    Phil I talked with some of my friends in Iraq and they told me the work and effort that GBG did over the past two years. I did not find anyone projects or commanders who said GBG failed to meet any signed contract scopes.
>
>    Phil I would suggest we do not tell Neal, or any other KO at this time about me. If we keep things as they are until the contract is let then I'am still legal here to talk with Neal and the other KO's. I can consult on any project as long as I do not have any involvement with the exercise or project. Currently I have no involvement with the project ROMEX, and can give ideas and opinions of thought for ROMEX. Neal and the KO's just know my past history in Romania and he Olympics in Greece. We talk about the ROMEX based on the past and current exercise I have going on (Layman Teacher, and C-Key) The KO thinks that it will be a tough project but I keep saying with the right team controlling the whole project with sub contractors it will be simple. I will talk to Neal after I come back from Wright Patterson AFB. My input to him currently is to go with a **prov-en company** with local ties already established, with the idea of any items needed outside the contract scope be contracted by him from local vendors to promote and stimulate the local stores, while educating the local vendors on US Government procedures. I have him already going away from KBR with hard data about how they work contracts to suck the KO's for as much as possible. So Phil I can meet Selena and Ken anytime. Bring on the task, I'm waiting to excel.
>
>    *Phil Bloom <phil.bloom@gbg.ro>* wrote:
>
>    >    Dear Steve:
>    >    Here's the deal. You come on board as Director of East Europe operations. The salary is $12k per month with bonuses, travel, etc. An immediate deposit of two months in your account. You can start whenever you want.
>    >
>    >    In the interim I need your expertise to "win" the ROMEX bid

2/14/2006

for GBG. Selena is working the bid and will be ready on Friday with the entire tech proposal. She plans to send Ken to Frankfurt with the hard copy and then go to weisbaden.

I would like you to review everything on Friday and advise selena. Then if you can meet Ken and go to weisbaden for the presentation.

Do you think you want to inform Neals you are on board|? this is up to you... No matter what... I consider you an important part of our East Europe strategy...and most important ROMEX is the first and most important exercises for us to win. The other will be built on this experience.

We did one heck of a job in Iraq as you will see from the tech proposal. GBG is serious and wants this project.
Phil

----- Original Message -----
**From:** Steven Makus <mailto:funsimple@yahoo.com>
**To:** Phil Bloom <mailto:phil.bloom@gbglogistics.com>
**Sent:** Tuesday, March 29, 2005 7:15 AM
**Subject:** Re: Steven Merkes
Phil here is a small document for your eyes only. Let me know what you want.

*Phil Bloom <*

phil.bloom@gbglogistics.com> wrote: I really want you on board.. Give me a number to call you ----- Original Message ----- From: <mailto:phil.bloom@gbglogistics.com>Steven Makus <mailto:funsimple@yahoo.com>

**To:** Phil Bloom <mailto:phil.bloom@gbg.ro>
**Sent:** Monday, March 28, 2005 5:03 PM
**Subject:** Re: Steven Merkes
I will try to call you today and maybe we can get connected. Good to hear you are doing well.

*Phil Bloom <phil.bloom@gbg.ro <mailto:phil.bloom@gbg.ro>>* wrote:

Steve:
I was thinking about you the

2/14/2006

other day... As you know GBG is going to bid for the LSA at Babadag. With the work we are doing in Iraq (full construction and life support) we more than qualify.

I would like seriously to speak with you. Now is the right time for us to get back together. GBG Logistics is now a company approaching 100M (all done in Iraq)

Right now I am in Bagdhad. I would like to speak with you by phone today. My numbers are:
001-914-822-5197 (rings in Iraq)
00964-1343-103 Iraq mobile
00-40-722-230-790 Romanian mobile... rings in Iraq)
Phil

----- Original Message -----

**From:** Steven Makus <mailto:funsimple@yah

**To:** <mailto:p%20bloom@hotmail.com

**Cc:** phil.bloom@gbg.ro <mailto:phil.bloom@gb

**Sent:** Sunday, March 27, 2005 11:36 PM
**Subject:** Steven Merkes
Hello Phil, well I am out of the firer and working here in Stuttgart, I am a civilian and bored to death with my GOV job. I hear things in Constanta/Babadg are moving along. I just worked the log for the Layman Teacher exercise that will be in April. We will be using

2/14/2006

the MK air base again, and shooting at Babadag. I talked to Major Neals Boss, and he will be are contracting officer. So tell me how is the Bagdadyyy, I hope all is well with you, and that you are safe back in Romania. Well let me know how you are doing. We should talk sometime about the future of Eastern Europe, and the moving parts to be. Steve

---

Current title

Steven M. Merkes, Civ GS-12
HQSOCEUR
**Future Operations Division**
**Operational Support Planner**
DSN 430-8422 or 430-7035
Comm 49-711-680-7035
U-Lan merkesst@eucom.mil

<<2005 merkes job.doc>>

Martha Schwing
Intelligence Operations Specialist
Financial Trade Investigations Division
202 305 2647

2/14/2006