IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>STEVEN MERKES, )<br>)<br>Defendant. )<br>_____) | Criminal No.  07-001 (CKK) |

**UNOPPOSED MOTION OF THE UNITED STATES FOR**
**ENTRY OF AN ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits this Unopposed Motion for an Order of Forfeiture in the above-entitled case for the reasons set forth below.  A proposed order is submitted with this motion.

1.     On December 10, 2006, the defendant, Steven Merkes entered into a Plea Agreement with the United States in which he agreed to plead guilty to a one count Information. Count 1 charged an unlawful gratuity in violation of 18 U.S.C. § 201(c).

2.     The defendant entered his guilty plea to the Information on February 16, 2007,

3.     The defendant was sentenced on June 1, 2007.  At that hearing, the Court requested that government counsel confer with defense counsel and submit a proposed order of forfeiture that waived interest on the amount.  Government counsel has conferred with defense counsel, and defense counsel has no objection to this motion and the proposed order.

4. In connection with defendant's Plea Agreement, the defendant agreed to the entry of a money judgment against him in an amount "not less than $24,000, representing the proceeds of the unlawful gratuity charged in Count 1."

5. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that where "forfeiture of property is authorized in connection with a violation of an Act of Congress . . . but no specific statutory provision is made for criminal forfeiture" the Government may seek forfeiture in a criminal case and, "upon conviction, the court shall order the forfeiture of the property."

6. Defendant has consented to the entry of necessary orders of forfeiture in connection with the Plea Agreement, to waive all interest in any forfeitable asset, and to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States.

7. The Government seeks entry of an Order of Forfeiture in the form of a personal money judgment in the amount of $24,000. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. See United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (forfeiture order may include a money judgment for amount of money involved in laundering offense); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (Government entitled to personal money judgment equal to amount of money involved in laundering offense); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against defendant for amount of illegally obtained proceeds).

8.      When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant in satisfaction, or partial satisfaction, of the money judgment. Fed. R. Crim. Pro. 32.2(e)(1)(B). See United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment); United States v. Numisgroup Int'l Corp, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property).

WHEREFORE, the United States respectfully requests that this Court enter the attached proposed Order of Forfeiture against the defendant, Steven Merkes.

Respectfully submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

__/S/___JPP_____
JOHN P. PEARSON
PATRICK T. MURPHY
Trial Attorneys
U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20530
(202) 514-1412
John.Pearson@usdoj.gov
Patrick.murphy@usdoj.gov

Dated: June 6, 2007

**CERTIFICATE OF SERVICE**

  I hereby certify that I caused an electronic copy of the foregoing motion and proposed order to be served this 6th day of June, 2007, on:

>Thomas Abbenante
>1919 Pennsylvania Avenue, NW
>Suite 200
>Washington, DC 20006
>(202) 223-6539
>Fax: (202) 452-0067
>Email: tabbenante@aol.com
>
>Attorney for Defendant Steven Merkes

>_____/S/  JPP_____
>John P. Pearson
>Trial Attorney
>Public Integrity Section

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|               ) | |
|       v.        ) | Criminal No.  07-001 |
|               ) | |
| STEVEN MERKES,       ) | |
|               ) | |
|       Defendant.      ) | |
| _____) | |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

2. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the Defendant shall forfeit to the United States the sum of $24,000.00 pursuant to 18 U.S.C. § 981 and 28 U.S.C § 2461.  No interest shall accrue on this amount while the defendant is paying off this obligation.

3. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

2

4. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment.

5. The Court shall retain jurisdiction to enforcing this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

6. The Clerk of the Court shall forward four certified copies of this Order to the Asset Forfeiture and Money Laundering Section, Criminal Division United States Department of Justice, Attention: Trial Attorney Patrick T. Murphy.

SO ORDERED:
Dated:

                                            HON. COLLEEN KOLLAR-KOTELLY
                                            UNITED STATES DISTRICT JUDGE